# EXHIBIT 2

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

AURORA BURDETTE, Individually,
and on behalf of a Class of Oklahoma
citizens who are insured by SafeCo,

        Plaintiff,

v.

SAFECO INSURANCE
COMPANY OF AMERICA,

        Defendant.

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

APR - 1 2015

TIM RHODES
COURT CLERK
79.

Case No.

CJ-2015-1980

**P E T I T I O N**

Plaintiff, Aurora Burdette, Individually, and as Class Representative of a putative class of similarly situated Oklahomans who are insured by SafeCo Insurance Company of America ("SafeCo"), for her claim states:

1. On February 27, 2013, Aurora Burdette was injured in a motor vehicle collision caused by the negligence of Jeffrey Wilterdink in operating his motor vehicle.

2. At the time of the collision, Aurora Burdette was covered by a motor vehicle insurance policy issued to her by SafeCo. The motor vehicle insurance policy included Medical Payments ("Med Pay") coverage.

3. Aurora Burdette is a named insured under the policy of insurance issued to her by SafeCo.

4. Subsequent to the collision, Aurora Burdette made a claim to Safeco seeking Med Pay benefits.

1

5.   In response to the Med Pay claim, SafeCo issued Aurora Burdette a check in the amount of $3,000.00.

6.   On November 14, 2014, SafeCo sent Aurora Burdette a letter asserting a right of subrogation against any proceeds she recovers from a negligent third party.  In the letter, SafeCo states that it is seeking recovery of the Med Pay benefits it paid Aurora Burdette.

7.   On January 12, 2015, Aurora Burdette was informed by Jeffrey Wilterdink's insurance company – USAA – that it paid SafeCo $3,000.00 to compensate it for its Med Pay subrogation claim.

8.   SafeCo's improper and unreasonable assertion of a subrogation claim related to payment of a Med Pay claim is contrary to Oklahoma law.

9.   At all times relevant to this action, 36 O.S. § 6092 stated:

> No provision in an automobile liability policy or endorsement for such coverage effective in this state issued by an insurer on and after the effective date of this act which grants the insurer the right of subrogation for payment of benefits under the expenses for the medical services coverage portion of the policy, to a named insured under the policy, or to any relative of the named insured who is a member of the named insured's household shall be valid and enforceable; provided, that such policy or endorsement may provide for said insurer's rights of subrogation and set-off upon such payments to any person who is not a named insured under the policy or a relative of the named insured who is a member of the named insured's household.

10.  The putative class in this case is composed of thousands of Oklahoma policyholders who purchased automobile insurance policies from SafeCo and

2

which SafeCo improperly asserted a subrogation claim related to Med Pay coverage.

11. The number of individuals who Safeco improperly subrogated their claim are so numerous that joinder of all claims of all members is impracticable. A Class Action, therefore, would be the superior method of processing these numerous claims from the standpoint of judicial economy, expense and convenience of the parties.

12. SafeCo's improper assertion of a right of subrogation is common to Plaintiff as Class Representative and all putative class members. Consequently, common questions of law and fact will predominate in all claims.

13. The claims of Plaintiff as Class Representative and SafeCo's defense of those claims are typical of the claims to be advanced by members of the putative class and SafeCo's defenses thereto.

14. Plaintiff, as Class Representative, will adequately represent the interests of the putative class and of each of its members.

15. The prosecution of separate actions by or against putative members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the putative class which would establish incompatible standards of conduct for SafeCo.

16. SafeCo has acted or refused to act on grounds generally applicable to the putative class thereby making appropriate final injunctive relief or corresponding

3

declaratory relief with respect to the putative class as a whole practical and preferable.

17.   Common questions of law or fact to the members of the putative class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.   Plaintiff, as Class Representative, and the putative class, therefore, meet all requirements of 12 O.S. § 2023 and this action is appropriate for certification as a Class Action.

**COUNT I:**

**BREACH OF CONTRACT**

19.   Plaintiff adopts and repleads paragraphs 1 through 18 above and further states that Plaintiff was insured by SafeCo pursuant to a policy issued to her by SafeCo and identified by SafeCo as Policy No. Y7625667.

20.   Plaintiff made each payment required of her under the policy of insurance and complied with all conditions precedent to coverage.

21.   SafeCo breached the insurance contract with Plaintiff and all putative class members by subrogating claims paid pursuant to Med Pay coverage despite the fact that subrogation is prohibited by Oklahoma law.

22.   SafeCo's breach of the insurance contract resulted in Plaintiff, and all putative class members, losing payments for medical treatment which is not subject to subrogation.

4

23.    SafeCo's wrongful and intentional interpretation of its insurance policy in a manner contrary to its insureds, its own financial interest and State law was a breach of the insurance contract resulting in damages to Plaintiff and all putative class members as set forth below.

## COUNT II:

## VIOLATION OF STATE LAW

24.    Plaintiff adopts and repleads paragraphs 1 through 23 above and further states that the manner in which SafeCo interpreted and implemented the insurance policy issued to Plaintiff and the putative class members violates various State and Federal laws, including 36 O.S. § 6092.

25.    SafeCo's violation of various State and Federal laws resulted in damages to Plaintiff and all putative class members as set forth below.

## COUNT III:

## VIOLATION OF GOOD FAITH AND FAIR DEALING

26.    Plaintiff adopts and repleads paragraphs 1 through 25 above and further states that SafeCo's breach of the insurance contract with Plaintiff was intentional, done with malice and breached its duty of good faith and fair dealing with Plaintiff and all putative class members.

27.    SafeCo's conduct resulted in damages to Plaintiff and all putative class members as set forth below.

5

## COUNT IV:

### UNJUST ENRICHMENT

28.   Plaintiff adopts and repleads paragraphs 1 through 27 above and further states that SafeCo has been unjustly enriched by the improper assertion of the right of subrogation for claims made under Med Pay provisions provided to Plaintiff and all putative class members.

29.   SafeCo should disgorge the sum total of all payments received under a claim of subrogation for Medical Payments for Plaintiff and all putative class members because such payments are improper and illegal.

## COUNT IV:

### INJUNCTION

30.   Plaintiff adopts and repleads paragraphs 1 through 29 above and further states that the conduct of SafeCo is a violation of the insurance contract issued by it to Plaintiff and all putative class members and that the violation was done in violation of its duty of good faith and fair dealing with Plaintiff and all putative class members.

31.   SafeCo should be enjoined by this Court from asserting any future subrogation claims related to the payment of Med Pay claims.

## DAMAGES

32.   Plaintiff adopts and repleads paragraphs 1 through 31 above and further requests judgment in her favor and against SafeCo and that the Court award her and the putative class the following damages which total in excess of $75,000.00:

33.   Actual and consequential damages as a result of SafeCo's breach of the insurance contract with Plaintiff and all putative class members;

34.   Punitive damages as a result of SafeCo's breach of good faith and fair dealing with Plaintiff and all putative class members;

35.    Disgorgement of all payments accepted and received by SafeCo for subrogated rights for Med Pay coverage;

36.   An injunction enjoining SafeCo from asserting any future subrogation rights for payments made pursuant to Med Pay coverage;

37.   Pre-judgment interest;

38.   Attorneys' fees;

39.   All costs allowed by statute; and,

40.   All other relief the Court deems just and equitable.

Respectfully submitted,


Larry A. Tawwater, OBA No. 8852
Darren M. Tawwater, OBA No. 18854
Joshua D. Rains, OBA No. 31909
**THE TAWWATER LAW FIRM, P.L.L.C.**

7

One Tsquared Place
14001 Quail Springs Parkway
Oklahoma City, Oklahoma  73134
Telephone:   (405) 607-1400
Facsimile:    (405) 607-1450

**ATTORNEYS FOR PLAINTIFF**

**ATTORNEYS' LIEN CLAIMED**

**JURY TRIAL DEMANDED**

8